UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE GOMES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-08245-FMO (MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff Jermaine Gomes ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint entitled "Complaint for Deprivation of Rights – USC 18 242" on September 24, 2018. ("Complaint," ECF No. 1).

Congress mandates that district courts perform an initial screening of complaints in civil actions where the plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915(e). This Court may dismiss such a complaint, or any portion, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

///

For the reasons stated below, the Court DISMISSES the Complaint with leave to amend.[1]

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff sues three defendants: City of Los Angeles, Allied Universal, and Employee of Allied Universal, though the employee is unnamed (each, a "Defendant," and collectively, "Defendants"). Plaintiff does not designate in what capacity – official or individual – each Defendant is sued.

The Complaint contains only the following statement of facts:

> 9-24-18, Approx. 7:30 A.M., Approx. 1st and Broadway, Los Angeles, CA.
>
> Defendants are being sued for deprivation of Rights pursuant to 8th Amendment case Jong V. City of LA.
>
> I have a heart condition and am losing my vision. I was resting on public property when I was violently assaulted and threatened with gun violence. I am requesting jail for the employee of Allied Universal.

(Compl. at 4.)

Plaintiff brings two claims for relief. The first is entitled "18 USC 242" and is brought against Defendants City of Los Angeles and Allied Universal. (*Id.* at 5.) The second is entitled "Assault" and is brought against Defendants City of Los

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (finding that "the dismissal of a complaint with leave to amend is a non-dispositive matter"). Consistent with *McKeever*, the Court concludes that its Memorandum Decision and Order Dismissing Complaint with Leave to Amend is non-dispositive. However, pursuant to Federal Rule of Civil Procedure 72, if Plaintiff disagrees, he may file an objection with the District Judge. *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015).

Angeles and Allied Universal. (*Id.* at 6.) In his Request for Relief, Plaintiff requests as follows:

- Punitive relief on the employee of Allied Universal. I request jail time for violation of my rights to the point my life was threatened.
- $50,000 Monetary Relief.

(*Id.* at 7.) However, it is unclear against which Defendant each of the type of relief is sought.

## III. THE COMPLAINT VIOLATES RULE 8 AND MUST BE DISMISSED

The Court must dismiss the Complaint pursuant to 28 U.S.C. § 1915(e) because, among various other defects, it violates Federal Rule of Civil Procedure 8(a) ("Rule 8). Rule 8 requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 may be violated when a pleading "says *too little*," and "when a pleading says *too much.*" *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013). However, the courts also have an obligation to give liberal construction to the filings of *pro se* litigants. *Jones v. Cmty. Redevelopment Agency of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint violates Rule 8 because neither of Plaintiff's claims for relief clearly identify the nature of each of the legal claims he is bringing and the specific facts giving rise to each claim. Without more specific information, Defendants cannot respond to the Complaint. *See Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (explaining that a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint).

### A. Plaintiff's First Claim For Relief ("18 USC 242") Violates Rule 8.

The Complaint's reference to "18 USC 242" – a criminal statute that deals with the violation of civil rights under color of law – is problematic because 18 U.S.C. § 242 itself does not provide a civil cause of action. *See Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action . . . do not generally lie under the criminal statutes of Title 18 of the United States Code[,]" including 18 U.S.C. § 242.). Moreover, even giving the Complaint its most liberal reading and interpreting it as a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") would not save this claim because 18 U.S.C. § 242 provides no civil remedy. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. § 242 is a criminal provision that provides "no basis for civil liability."); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of claims under 18 U.S.C. § 242 because it is a criminal statute that does not give rise to civil liability).

To the extent Plaintiff seeks through his Complaint to institute a criminal proceeding, he lacks the right to commence such a proceeding on his own. It has long been established in the Ninth Circuit that criminal statutes cannot be enforced by civil actions. *See United States v. Jourden*, 193 F. 986, 987-88 (9th Cir. 1912); *Keyter v. 230 Gov't Officers*, 372 F. Supp. 2d 604, 610 (W.D. Wash. 2005) (affirming district court dismissal of claims pursuant to criminal statutes, including 18 U.S.C. § 242, because "private citizens are not permitted to enforce criminal statutes or prosecute crime).

Even if Plaintiff were to submit this Complaint to the proper authorities, the Complaint is wholly devoid of the essential elements required by Rules 3 and 4 of the Federal Rules of Criminal Procedure for the commencement of a criminal proceeding. Rule 3 requires that a complaint contain "the essential facts constituting the offense charged" and that it "be made under oath before a magistrate judge or, if none is reasonable available, before a state or local judicial

officer." Fed. R. Crim. P. 3. Rule 4 requires that a complaint "establish probable cause to believe that an offense has been committed and that the defendant committed it . . . ." Fed. R. Crim. P. 4.

First, Plaintiff's complaint is not sworn under oath, let alone sworn before a magistrate judge or a state or local judicial officer. Second, Plaintiff's complaint fails to allege the elements of the offense described in 18 U.S.C. § 242: (1) defendant's acts must have deprived someone of a right secured or protected by the Constitution or laws of the United States; (2) defendant's illegal acts must have been committed under color of law; (3) the person deprived of his rights must have been an inhabitant of a state, territory or district; and (4) defendant must have acted willfully. *United States v. Senak*, 477 F.2d 304, 306 (7th Cir. 1973), *cert. denied*, 414 U.S. 856 (1973). This claim for relief fails to allege (i) of what Constitutional or federal law right Plaintiff was deprived, (ii) that Defendants' acts were carried out under color of law, and (iii) such acts were willful. Moreover, Plaintiff's complaint fails to adequately identify the unknown defendant "Employee of Allied Universal" – the primary party against whom he complains and the party whom he wants jailed – such that an arrest warrant properly could issue.[2]

### B. Plaintiff's Second Claim for Relief (Assault) Violates Rule 8.

To the extent Plaintiff's passing reference to the Eighth Amendment (Compl. at 4) is intended to create the basis for his civil rights claim, such a claim is not available to him because the Eighth Amendment protects only those who have been convicted of a crime. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Here,

///

---

[2] Although the Federal Rules of Criminal Procedure permit the issuance of a warrant where the name of the defendant is unknown, it may issue only where it contains "a name or description by which the defendant can be identified with reasonable certainty." Fed. R. Crim. P. 4(b)(1).

5

Plaintiff does not aver that he has been convicted of a crime. Accordingly, Plaintiff can claim no protection under the Eighth Amendment.

Reading the Complaint liberally, the assault claim could be interpreted to assert a violation of the Fourth Amendment's prohibition against unreasonable seizures. *See Graham v. Connor*, 490 U.S. 386, 394 (1989); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994); *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir. 2001). However, the Court easily disposes of such a claim against Defendant Allied Universal. To state a civil rights claim, "a plaintiff must allege the violation of a right secured by the Constitution . . . committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant acts under color of state law when he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Here, the absence of an allegation that Defendant Allied Universal acted "under color of law" is fatal to the claim against Defendant Allied Universal.

The Court also disposes of this claim against Defendant City of Los Angeles. Although municipalities may be held liable for actions that result in a deprivation of constitutional rights, they cannot be held liable on a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Direct municipal liability is extremely limited and lies only where the acts "are, properly speaking, acts of the municipality – that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) (discussing *Monell*). A municipality is liable only when the execution of a government's policy or custom inflicts the injury. *See Monnell*, 436 U.S. at 694; *City of Canton v. Harris*, 489 U.S. 378, 385 (explaining that the plaintiff must establish a direct causal link between the municipal policy or custom and the

///

6

alleged constitutional violation).  Here, Plaintiff makes no allegation regarding a policy or custom, let alone one that caused his alleged injuries.

### C. **<u>Plaintiff Seeks Punitive Damages That Are Not Supported by the Facts in the Complaint.</u>**

In his Request for Relief, Plaintiff requests "punitive relief on the employee of Allied Universal." (Compl. at 7.) This request is fatally flawed for three reasons. <u>First</u>, Plaintiff seeks punitive damages against a defendant who, although named, is not the subject of any claim for relief; both claims for relief are brought only against Defendants City of Los Angeles and Allied Universal. <u>Second</u>, to the extent Plaintiff intended to seek punitive damages against Defendant City of Los Angeles, this request must be dismissed because a municipal defendant is immune from punitive damages under Section 1983. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.13 (1985); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996)). <u>Third</u>, even if Plaintiff seeks punitive damages against the remaining Defendant, Allied Universal, punitive damages can be awarded only when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983); *see also Davis v. Mason County*, 927 F.2d 1473, 1485 (9th Cir. 1991). Here, the Complaint lacks any allegation regarding the motive or intent of Defendant Allied Universal, or regarding its indifference, whether reckless or callous, to his civil rights. Accordingly, the Complaint and its claims for relief seeking punitive damages cannot lie against any of the Defendants.

### D. **<u>The Complaint Must Be Dismissed.</u>**

For all of the above reasons, Plaintiff's complaint must be dismissed. However, because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

2012) (citation and internal quotation marks omitted), the Court gives Plaintiff leave to amend his claims. If Plaintiff decides to file a First Amended Complaint, he must correct the above-detailed deficiencies or risk dismissal with prejudice.

## IV. CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum Decision and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall **cure the defects** described above. **<u>Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint</u>.** The First Amended Complaint, if any, shall be complete in itself and shall not refer in any manner to the original Complaint. Its caption page shall bear the designation "First Amended Complaint" and the case number assigned to this action.

The First Amended Complaint should be **short** and **concise**. In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **<u>Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and the Defendant (by name) against whom the claim is asserted, and make clear what specific factual allegations support each separate claim. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in**

8

a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  **Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiffs' convenience.  If Plaintiff utilizes the Notice of Dismissal, he is instructed to state clearly whether he is dismissing the entire action or only certain claims or certain Defendants.**

Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim.  Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or defendant in order to pursue this action.  However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections.  *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

**IT IS SO ORDERED.**

DATED: October 10, 2018

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE